Dear Ms. Harris-Kennerson,
This office is in receipt of your request for an opinion of the Attorney General in regard to health insurance for members of the Greater Krotz Springs Port Commission. You state under R.S.34:1453(B) the commission is authorized to provide health insurance for its members, although no state funds shall be used for such insurance. You point out that a commissioner who is retired has insurance through his former employer and his premium is automatically deducted from his retirement benefits. You ask if a commissioner presently independently insured can be reimbursed by the commission, and, if so, can the reimbursement be retroactive to the date of the legislative authorization for payment by the commission for members' health insurance.
By Act 395 of 1990 R.S. 34:1453 was amended to provide in paragraph (B) that "the commission is authorized to provide health insurance for its members. However, no State funds shall be used to pay such insurance". We do not believe reimbursing a member for insurance provided by another entity is consistent with the intent of this legislative authorization to the commission "to provide" health insurance for its members. We note that paragraph (B) of R.S. 34:1453 also provides in setting forth powers and duties of the Commission that the commission is allowed to contract for professional services necessary in the conduct of its affairs "upon such terms as it may agree upon". They would have no voice in providing the health insurance under the situation in question.
Moreover, in Atty. Gen. Op. No. 91-219 this office concluded while R.S. 33:5151 allows the political subdivisions of the state to make contracts of insurance with a legally authorized insurance company to insure the employees and officials under policies of group insurance covering hospitalization without any limitation on payments by the governmental subdivision toward these premiums, reimbursements of payments prior to the existence of a contract or agreement would be a prohibited donation of public funds under Art. 7, Sec. 14 of the Constitution. It was observed, "Unless and until there is an agreement or contract to pay these premiums on behalf of the council members there is no obligation on the part of the political subdivision to make the payment, therefore reimbursement would be violative of the constitution." It was further stated, "* * * (I)n light of the above analysis we are also of the opinion that council members may not be paid for money that the members could have expended for insurance premiums but did not. In sum, the agreement or contract must be in place before the payments are authorized and past payments may not be reimbursed."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR